IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOMMIE LEE SHEPPARD                                                              PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 5:07cv33-DCB-MTP

ISSAQUENA COUNTY JAIL,
VICKSBURG POLICE DEPARTMENT,
GEORGE KENT, and TOMMIE MOFFETT                              DEFENDANTS

OPINION AND ORDER

On February 20, 2007, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. An order [8] was entered on April 3, 2007, directing the plaintiff to file written response on or before May 1, 2007. The plaintiff was warned in this court's order of April 3, 2007, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint. Plaintiff failed to comply with this order.

An order to show cause [10] was entered on May 16, 2007, directing the plaintiff to explain why this case should not be dismissed for failure to comply with this court's order [8] of April 3, 2007. In addition, the plaintiff was directed to comply with the order of April 3, 2007, by filing a written response on or before May 31, 2007. Once again, the plaintiff failed to comply even though he was warned that failure to comply could result in the dismissal of this civil action.

However, out of an abundance of caution, a second order to show cause [11] was filed on June 19, 2007. The plaintiff was once again given an opportunity to explain why this case should not be dismissed for failure to comply with the orders of this court and to comply with the orders by filing a response on or before July 10, 2007. On July 3, 2007, the envelope [12] containing

the show cause order [11] of June 19, 2007, was returned by the postal service with the notation "GONE".

Although the plaintiff was warned in previous orders and documents from this court that failure to comply could result in the dismissal of this civil action, he has failed to respond to two court orders and has failed to keep this court informed of his current address.  It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the  4th  day of September, 2007.


                                        s/ David Bramlette
                                 UNITED STATES DISTRICT JUDGE